UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

HENDRICK CORNELIS,

                        Plaintiff,

-vs.-

ELENI OPERATING CORP., d/b/a ROYAL REGENCY HOTEL and MARIA PAXOS-PAMPAFIKOS,

                        Defendants.

-----------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 05/05/2024

Civil No. 23-CV-07770

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Hendrick Cornelis ("Plaintiff") and Defendants Eleni Operating Corp. d/b/a Royal Regency Hotel ("Eleni") and Maria Paxos-Pampafikos (together, "Defendants") (together with Plaintiff, the "Parties") desire to settle and resolve fully all wage and hour claims that have been or could have been brought against Defendants by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims against Defendants in the lawsuit captioned *Cornelis v. Eleni Operating Corp., et al.*, Case No. 23-cv-07770-NSR, pending in the U.S. District Court for the Southern District of New York (the "Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendants agree as follows:

    1.    **Consideration.** In consideration for Plaintiff's timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of claims, Defendants agree to provide Plaintiff with the total settlement sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) in consideration for and in full satisfaction of all wage and hour claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of his execution of the Agreement. Such payment shall be apportioned among Plaintiff and Plaintiff's counsel as follows:

        a.    One check made payable to "Hendrick Cornelis" in the gross amount of Eight Thousand Eighty-Nine Dollars and Fifty Cents ($8,089.50), less applicable taxes and withholdings, in full satisfaction of all Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims Plaintiff may have for wages allegedly owed, which shall be reportable on an IRS Form W-2;

        b.    One check made payable to "Hendrick Cornelis" in the gross amount of

*hendrik Soethout*

SO ORDERED:

*[signature]*

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2024
White Plains, NY

Eight Thousand Eighty-Nine Dollars and Fifty Cents ($8,089.50), in full satisfaction of all FLSA and NYLL claims Plaintiff may have for alleged liquidated damages, penalties and interest, which shall be reportable on an IRS Form 1099-MISC (Box 3); and

c. One check made payable to "Abdul Hassan Law Group, PLLC" in the amount of Eight Thousand Eight Hundred Twenty-One Dollars and Zero Cents ($8,821), as payment for attorneys' fees ($8,089) and costs ($732), which shall be reportable on an IRS Form 1099-MISC (Box 10).

d. The payments set forth above will be sent to Plaintiff's counsel of record, Abdul K. Hassan, Esq., within thirty (30) calendar days after all of the following have occurred: (i) Defendants' counsel being in receipt of this Agreement executed by Plaintiff, the Stipulation and Order of Final Dismissal with Prejudice attached as Exhibit "A" executed by Plaintiff's counsel, and IRS W-9 Forms executed by Plaintiff and Plaintiff's counsel; and (ii) Defendants' counsel being in receipt of notice of the Court's approval of all terms of the Agreement.

e. Indemnification. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sums set forth in Paragraph "1" above that Plaintiff would otherwise be responsible for. Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against them in connection with the settlement sum described in Paragraph "1" above. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

f. Except as otherwise expressly set forth above, each party shall bear its own costs and fees incurred in connection with this matter.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that he would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of All Wage & Hour Claims.** Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, and Eleni's subsidiaries, divisions and affiliated entities (including, but not limited to, Royal Caterers, Inc.), and its owners, officers, directors, Board members, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and its employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any wage and hour actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts,

controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which he may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.SC. § 201 et seq.; the New York Labor Law and all New York Wage Orders; any other federal, state, city or local wage-hour, wage-payment laws, rules, regulations and/or guidelines, constitutions or ordinances; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, arising from any purported wage and hour violation and based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

4. **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, Plaintiff, on behalf of the Parties, will submit the Agreement to the Court for the Court's consideration and approval. The Stipulation of Dismissal will be held in escrow and filed with the Court once full and complete payment is received and cleared.

5. **Governing Law, Interpretation and Forum Selection.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflicts of law provisions. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Parties expressly consent that any action or proceeding relating to this Agreement will be brought in the U.S. District Court for the Southern District of New York.

6. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for the Parties' Negotiated Settlement Agreement and General Release of Non-FLSA Claims, which is being executed simultaneous with this Agreement. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

Doc ID: 13f3a4dca8a745541ab7c17ea4bcb2169a90a5ee

9. **Execution.**

   a. The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all wage and hour claims that he possibly could have against Releasees relating to his employment with Defendants. Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys; and

   b. Plaintiff fully understands the terms of this Agreement.

10. **Translation.** Plaintiff represents that he speaks, reads and understands English and further represents that any contention that the terms and conditions of this Agreement were not translated and communicated to Plaintiff by his counsel shall not be a basis to challenge or to set aside this Agreement.

11. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW WITH PLAINTIFF'S ATTORNEYS, ABDUL HASSAN LAW GROUP, PLLC, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEYS, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

Dated: 05 / 01 / 2024

_Hendrik C Soetbout_
Plaintiff, Hendrick Cornelis

Dated: 4/28/24

_____
Eleni Operating Corp.
By: Maria Paxos-Pampafikos

4

Dated: 4/26/24

Title: Owner

_____
Maria Paxos-Pampafikos

Doc ID: 13f3a4dca8a745541ab7c17ea4bcb2169a90a5ee